UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURETTA PERKINS,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ADESA US AUCTION LLC et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:24-cv-02097-LK<br><br>ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE |

This matter comes before the Court on pro se Plaintiff Lauretta Perkins' "request" to extend the time for her to serve Defendants. Dkt. No. 10. The Court construes it as a motion to extend time for service,[1] and for the reasons explained below, grants it.

Ms. Perkins' complaint was docketed on December 20, 2024 and summons were issued on February 21, 2025. Dkt. Nos. 1, 8. She initially attempted service by certified mail at Defendants' physical addresses, Dkt. No. 9, but recently (on April 10) learned the address of their registered agent and seeks additional time to complete service, Dkt. No. 10 at 1.

---

[1] All requests for relief must be made by appropriate motion. LCR 7(b). The Court's website contains resources for pro se litigants, including links to applicable rules. *See* https://www.wawd.uscourts.gov/representing-yourself-pro-se.

ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE - 1

As an initial matter, the Court reminds Ms. Perkins that Federal Rule of Civil Procedure 4(h) explains how to properly serve a corporation. In short, the rule allows service by: (1) delivering the summons and complaint to an officer, managing agent, or registered agent, or (2) by following the state laws for service in Washington (where this Court is located) or the states in which Defendants are served. Fed. R. Civ. P. 4(e)(1), (h)(1). Service by mail, including certified mail (as previously attempted, *see* Dkt. No. 9), is usually not a proper method under Federal Rule 4(h) for serving corporations, unless specifically allowed by the laws of the relevant state(s). Ms. Perkins is responsible for ensuring Defendants are properly served.

Turning to the requested extension, the Court must extend the 90-day service period upon a showing of good cause and, absent such a showing, retains broad discretion to dismiss the action or extend the period for service. Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Here, the Court finds good cause to extend the service deadline and GRANTS Ms. Perkins' motion for an extension of time to serve Defendants. Dkt. No. 10. Within 45 days of the date of this Order, Ms. Perkins must serve all Defendants and file proof of service with the Court.

Dated this 21st day of April, 2025.

Lauren King
United States District Judge