UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURETTA PERKINS,<br><br>                        Plaintiff,<br>      v.<br><br>ADESA US AUCTION, LLC et al.,<br><br>                        Defendants. | CASE NO. 2:24-cv-02097-LK<br><br>ORDER DENYING MOTION TO COMPEL AND TO SHOW CAUSE |

      This matter comes before the Court on Plaintiff Lauretta Perkins' motion to compel. Dkt. No. 22. Ms. Perkins seeks "all documents" and the "electronically signed log" relevant to the enforceability of the arbitration agreement that she signed on January 3, 2023. *Id.* at 1.

      Ms. Perkins' motion to compel is denied as premature. This case has not yet proceeded to discovery, and absent a court order or other circumstances not present here, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The Court further notes that under Local Civil Rule 37(a), the Court may deny any motion to compel that does not contain the required "certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with

the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action."

Relatedly, this case cannot proceed to discovery until Ms. Perkins properly serves Defendants or files a waiver of service. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). The affidavits on the docket show that Ms. Perkins attempted to complete service by registered mail, *see* Dkt. Nos. 9, 13—a method that is not usually proper for serving corporate entities, *see* Fed. R. Civ. P. 4(h). The Court noted this in a prior order extending the time for Ms. Perkins to complete service, Dkt. No. 12 at 2, and she failed to take timely corrective action. As plaintiff, Ms. Perkins is responsible for prosecuting this action diligently, which includes properly serving Defendants so this lawsuit can get off the ground. Failure to do so may result in her case being dismissed. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (holding that "courts may dismiss under Rule 41(b) sua sponte").

Ms. Perkins is thus ORDERED TO SHOW CAUSE why this action should not be dismissed for failure to prosecute. If she files proof of service or a waiver of service within 45 days of this Order, the Court will discharge it. If not, the Court may dismiss this action.

Dated this 22nd day of July, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER DENYING MOTION TO COMPEL AND TO SHOW CAUSE - 2